IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:

**Johnny E. & Diana W. Hicks**

S.S. Nos.: xxx-xx-1543 & xxx-xx-1344
Mailing Address:
Post Office Box 130, , Rougemont, NC 27572

Debtors.

Case No. 09-82260

Chapter 13

## MOTION TO USE CASH COLLATERAL AND
## TO ALLOW SUBSTITUTION OF COLLATERAL

**NOW COME** the Debtors, by and through counsel undersigned, and move, under authority of 11 U.S.C. § 105(a), 1303 and 363(b), to use cash collateral and to allow substitution of collateral in this case. In support hereof, the Debtors show the following:

1. This case was filed on December 18, 2009, with the Chapter 13 plan being subsequently confirmed on March 11, 2010.

2. The Debtor's schedules of creditors includes WACHOVIA DEALER SERVICES, which is secured by a lien on a 2007 NISSAN VERSA 4D. HATCHBACK.

3. Said vehicle was totaled in an accident, and the damage to the said vehicle is covered by an insurance policy issued by Allstate Insurance Company.

4. The Debtors are in need of a replacement vehicle for transportation to work and for household maintenance. The Debtors have no other means to obtain a replacement vehicle except by using the insurance proceeds to be paid by Allstate Insurance Company.

5. The said insurance proceeds, in the amount of $9,237.36, are property of the estate. Said insurance was intended to provide for the replacement of said vehicle in the event of a total loss. The Debtors wish to use the entire insurance proceeds to purchase a replacement vehicle, and are willing to turn the title to the replacement vehicle over to WACHOVIA DEALER SERVICES to serve as replacement collateral on the obligation with said creditor.

6. The Debtors also agree to pay over to the Chapter 13 Trustee any portion of the said insurance proceeds not used in the purchase of the replacement vehicle.

**Appended Application for an Additional Attorney Fee**

7. Counsel for the Debtors further applies herein, in accordance with Bankruptcy Rule 2016(b), for approval an attorney fee in the amount of $450.00 to pay for the reasonable value of the services rendered, and to be rendered, with respect to this motion to modify, including, without limitation, the following:

a. Calls from and to the Debtors to discuss changes in their situation which necessitate this motion, to explain the procedures and requirements involved, and to advise the Debtors accordingly; and
b. Contact with the Trustee's office concerning the proposed modification; and
c. Re-evaluating and recalculating the Chapter 13 plan in this case; and
d. Drafting this Motion and Certificate of Service; and
e. Service of the Motion on all interested parties, which includes all creditors scheduled in this case, at the expense of the undersigned law firm; and
f. Filing of the Motion; and
g. Prospective attendance with Debtors at the hearing upon the motion, if any; and
h. Prospective drafting and filing of the proposed Order and Deputy Clerk's Certificate of Service; and
i. Prospective follow-up instructions to client, as will be necessary, following the granting of this motion.
j. In the case of a total loss situation, the whole process of gathering information from both client and insurance adjuster specific to the insurance claim, advising the Debtors as to all possible options, including among them, the advantages and disadvantages of continuing in Chapter 13, what to do to get another vehicle, what to do for transportation in the meantime, and how to work with and react to insurance adjusters. In addition, there was the time spent in having to explain to the insurance adjuster how bankruptcy law necessarily modifies the normal handling of the insurance claim.
k. That pursuant to the Standing Order of the Court, $450.00 is the presumptive non-base fee for preparation and filing of a Motion to Substitute Collateral.

**WHEREFORE**, the Debtors hereby request that they be allowed to convey their interest in said vehicle to the insurance company free of liens, and to use the entire proceeds of said insurance payment to purchase a replacement vehicle and to substitute such replacement vehicle as collateral with respect to the obligation owing to WACHOVIA DEALER SERVICES; and to facilitate the substitution of collateral, that WACHOVIA DEALER SERVICES be ordered to release the lien on the 2007 Nissan Versa 4D. Hatchback in consideration for a lien on the replacement vehicle; and that counsel for the Debtors be allowed additional attorney's fees, to be paid through the Debtors Chapter 13 plan, in the amount of $450.00.

Dated: March 21, 2011

LAW OFFICES OF JOHN T. ORCUTT, P.C.

/s Edward Boltz
Edward Boltz
North Carolina State Bar No.: 23003
Attorney for the Debtors
6616-203 Six Forks Road
Raleigh, N.C. 27615
(919) 847-9750

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:

**Johnny E. & Diana W. Hicks**

Case No. 09-82260
Chapter 13

S.S. Nos.: xxx-xx-1543 & xxx-xx-1344
Mailing Address:
Post Office Box 130, , Rougemont, NC 27572

Debtors.

## CERTIFICATE OF SERVICE

I, Renee Nolte, of the Law Offices of John T. Orcutt, P.C., do hereby certify, under penalty of perjury, that I am, and at all times hereinafter mentioned was, more than eighteen (18) years of age; and that on March 21, 2011, I served copies of the foregoing **MOTION TO USE CASH COLLATERAL AND TO ALLOW SUBSTITUTION OF COLLATERAL** electronically or when unable by regular U.S. mail, upon the parties set forth below:

Richard M. Hutson, II
CHAPTER 13 TRUSTEE
Post Office Box 3613
Durham, NC 27702

Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC 27402

WACHOVIA DEALER SERVICES
Attn: Managing Agent
Post Office Box 19657
Irvine, CA 92623-9657

Allstate Insurance Company
Attn: Lisa Jones
5400 Riverside Drive
Macon GA 31210
(919) 286-2704
Johnny E. & Diana W. Hicks
Post Office Box 130, ,
Rougemont, NC 27572

/s Renee Nolte
Renee Nolte