UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA

In Re:  Johnny E. Hicks            )
        Diana W. Hicks             )
                                   )    Case No: B-09-82260    C-13D
                                   )
                                   )
            Debtor(s)              )


ORDER ALLOWING SUBSTITUTION OF COLLATERAL AND ATTORNEY FEES

THIS MATTER having come before the Court for hearing pursuant to the motion by the Debtors for substitution of collateral and for attorney fees; and all interested parties having received proper notice of the hearing, at the hearing, Koury Hicks, Esq. appeared on behalf of the Debtors, and Richard M. Hutson II, Standing Trustee appeared; the Court makes the following:

FINDINGS OF FACT

1. The Debtors filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code on December 18, 2009.

2. At the time the Debtors filed the Chapter 13 petition, the Debtors owned a 2007 Nissan Versa , on which Wachovia Dealer Services (hereinafter "the Creditor") held a valid first lien.

3. The Creditor is being paid through disbursements by the Trustee pursuant to the Confirmation Order in this case.

4. The 2007 Nissan Versa was involved in an accident and was deemed a total loss.

5. The loss of the 2007 Nissan Versa leaves the Debtors without reliable transportation. A vehicle is necessary to the Debtors' reorganization.

6. The vehicle was insured with Allstate Insurance Company at the time of the accident.

7. The current approximate balance owed to the Creditor on its secured claim is $7,467.95.

8. Allstate Insurance Company is holding the insurance proceeds of $9,237.36.

9. The Debtors' request for substitution of collateral would not cause undue hardship upon the Creditor and replacement of the collateral would not adversely affect the Creditor's secured claim in this case.

10. To allow the Creditor to retain the insurance proceeds as a result of this accident would seriously jeopardize the Debtors' reorganization and would place the Creditor in a position of being paid early at the expense of the Debtors' reorganization.

11. The Creditor should be required to forward the clear title to the vehicle to Allstate Insurance Company upon written notification from the Debtors' attorney that the insurance proceeds have been received by the Debtors' attorney.

12. The Debtors incurred reasonable and necessary attorney fees in the prosecution of this Motion.

BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. The loss of the 2007 Nissan Versa leaves the Debtors without reliable transportation necessary for reorganization.

BASED UPON THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS ORDERED AS FOLLOWS:

1. The Debtors are allowed to substitute collateral, as a result of which the Creditor will release its lien on the 2007 Nissan Versa and obtain a first lien upon the replacement vehicle.

2. The replacement vehicle chosen by the Debtors must be mutually acceptable to the Debtors and the Creditor and must be comparable in value to the 2007 Nissan Versa. Prompt consent (within twenty-four hours) shall not be unreasonably withheld or delayed by the Creditor.

3. The insurance proceeds from the 2007 Nissan Versa shall be paid by the insurance company forthwith to the trust account of the Debtors' attorney, to be held by the attorney and released to the seller of the replacement vehicle only under such circumstances that the Creditor is entered as the first lienholder on the title to the replacement vehicle.

4. The Debtors' attorney shall upon receipt of the insurance proceeds immediately provide written notification to the Creditor that the insurance proceeds have been received and that the clear title to the vehicle should be immediately turned over to the insurance company.

5. The Creditor is required to immediately forward the clear certificate of title to the insurance company upon notification by the Debtors' attorney that the insurance proceeds have been received.

6. Any insurance proceeds not used for the purchase of the replacement vehicle shall be delivered by the Debtors' attorney to the Trustee for disbursement on the Creditor's secured claim.

7. The Debtors' attorney is allowed the presumptive fee of $450.00 for services in connection with this motion, to be paid through disbursements by the Trustee.

**PARTIES IN INTEREST**
**Page 1 of 1**
**09-82260 C-13D**

Johnny E. Hicks
Diana W. Hicks
PO Box 130
Rougemont, NC 27572

John T. Orcutt, Esq.
6616-203 Six Forks Rd.
Raleigh, NC 27615

Richard M. Hutson, II
Standing Trustee
PO Box 3613
Durham, NC 27702

Wachovia Dealer Services
Attn: Managing Agent
PO Box 19657
Irvine, CA 92623-9657

Allstate Insurance Co.
Attn: Lisa Jones
5400 Riverside Dr.
Macon, GA 31210